IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 4, 2005

## IN RE H.A.L.

**Appeal from the Juvenile Court for White County**
**No. JU 1519     Sam Benningfield, Judge**

---

**No. M2005-00045-COA-R3-PT - Filed April 25, 2005**

---

WILLIAM B. CAIN, J., concurring.

The opinion of the Court asserts:

The heightened burden of proof required by Tenn. Code Ann. § 36-1-113(c)(1) requires us to adapt Tenn.R.App.P.13(d)'s customary standard of review for cases of this sort. First, we must review the trial court's specific findings of fact de novo in accordance with Tenn.R.App.P.13(d). Thus, each of the trial court's specific factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements required to terminate a biological parent's parental rights. *Jones v. Garrett*, 92 S.W.3d at 838; *In re Valentine*, 79 S.W.3d at 548-49; *In re S.M.*, 149 S.W.3d at 640; *In re M.J.B.*, 140 S.W.3d at 654.

I adhere to my longstanding view that oil and water cannot be successfully mixed. A preponderance of the evidence standard on the one hand and a clear and convincing evidence standard on the other are completely incompatible with each other, both at the trial level and at the appellate level. My views are exhaustively set forth in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527 (Tenn.Ct.App.2001) perm.app.denied (Oct. 1, 2001) and in *In re Z.J.S. and M.J.P.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854 (Tenn.Ct.App. June 3, 2003) (no ruling of an app. filed) (Cain, Judge, concurring) and in *State v. R.S. and K.S.*, No. M2002-00919-COA-R3-CV, 2003 WL 22098035 (Tenn.Ct.App. Sept. 11, 2003) (Cain, Judge, concurring), along with *In re K.N.R., et al.*, No. M2003-01301-COA-R3-PT, 2003 WL 22999427 (Tenn.Ct.App.2003); *see also Colorado v. New Mexico*, 467 U.S.310, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984); *Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 153-54 (Me.1984); *Riley Hill General Contractor, Inc. v. Tandy Corp.*, 737 P.2d 595, 604 (Or.1987); *Beeler v. American Trust Co.*, 147 P.2d 583 (Ca.1944), (Traynor, Justice, dissenting).

In any event, the evidence in this case is overwhelming and the clear and convincing evidence standard set forth in *Estate of Acuff v. O'Linger* is clearly met.  I concur in the judgment.

_____
WILLIAM B. CAIN, JUDGE